### STATE v. HYMAN.
No. 5959.

Circuit Court, Dade County, Criminal Appeal.

October 3, 1966.

Harry Boehme, Jr., Miami, for appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for appellee.

HARVIE S. DuVAL, Circuit Judge.

*Final order affirming in part, reversing in part:* This cause came on to be heard on the appeal of Ilene Hyman from her conviction in the Dade County metropolitan court for "reckless driving" and "no valid Florida driver's license."

The appellant was clocked going north on Biscayne Blvd. at 3:30 a.m. on March 16, 1966 between 100th St. and San Souci Blvd. at a speed of 87 miles per hour.

The appellant questions the conviction for "reckless driving" on the ground that speeding by itself does not constitute reckless driving. Appellant points out that there was no proof of other traffic or other dangerous conditions nor further evidence of improper driving other than speeding.

The court agrees with appellant's contention that speeding alone is insufficient to base a conviction for reckless driving. However, the lower court could have found that driving 87 miles per hour on Biscayne Blvd. in this location regardless of driving conditions did constitute reckless driving. The trial judge may well have taken into consideration through his judicial knowledge, that this location is in a highly populated area intersected by many crossroads.

Such speed together with the prevailing conditions of the neighborhood was sufficient to support the conviction for reckless driving and the conviction on this charge is affirmed. This court, however, finds the sentence and the fine imposed were excessive. The fine is reduced to $250 and the sentence of incarceration and revocation of appellant's driver's license is vacated.

The appellant further complains of the conviction for the operation of an automobile with "no valid Florida driver's license."

The undisputed testimony is that the appellant was operating an automobile with a Florida license tag, but did not have an operator's license on her person at the time of the arrest. The record shows that at the trial she presented to the court a valid New York state driver's license, valid at the time of arrest, and further presented a valid Florida driver's license issued subsequently to the arrest. There was no evidence that appellant was required to have a valid Florida driver's license at the time of arrest.

The laws of Florida do not require all drivers in Florida to have a Florida driver's license. Without some proof that appellant was a person required by law to have a valid Florida driver's license at the time of arrest such conviction cannot stand.

The conviction for operating an automobile with "no valid Florida driver's license" is reversed.